[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 21, 1992 Date of Application February 25, 1992 Date Application Filed February 27, 1992 Date of Decision April 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. CR91-62054.
Joseph G. Bruckmann, Esq. Counsel for Petitioner
Gerard Esienmann, Esq. Assist. State's Attorney for the State.
BY THE DIVISION
After a trial by jury the petitioner was convicted of four counts of Robbery in the Third Degree in violation of Conn. Gen. Stat. 53a-136. At sentencing the court imposed a sentence of five years to serve on each count, each to run consecutive to each other for a total effective sentence of 20 years to serve.
The record shows that four separate banks in Bridgeport area were robbed within a thirteen day period. Each of the robberies were very similar with a black male handing a teller a note announcing a robbery with a threat of death in the note. During the last robbery the teller gave the robber his requested demand in a bag that contained a dye pack. The police traced the robbery to a location and the petitioner was found with $1,800 in U.S. currency. The currency along with the petitioner's clothes and right hand all had red dye stain on them when the police found them.
Counsel for the petitioner argued to the division that the fact that the petitioner had no prior criminal record and a positive background was ignored by the sentencing court. Noting that the petitioner served in the Army on active duty for four years and served in the reserves for six more counsel felt that those facts must count for something and that the CT Page 5322 maximum sentence should not be imposed where there is no prior criminal history. He pointed to the remarks of Gilbert Shove in the sentencing transcript which indicated that the petitioner participated in Bible studies and wrote poetry and that he would hire the petitioner immediately. Citing that the probation officer recommended a split sentence counsel wanted the division to recognize that the petitioner can be a productive member of our society and that he should be given a substantial reduction in his sentence.
The petitioner when he addressed the division stated he had a gambling problem and not a drug problem. He admitted that he made a big mistake and that the sentence is his wake up call in life. He noted to the division that he never used a gun in the crimes and that he is truly remorseful for his actions. He wanted a reduction of his sentence so he could have an opportunity to be with his family. Finally he really regretted his actions and admitted that he was not perfect and made a mistake.
Counsel for the state pointed out the petitioner's inconsistencies in the PSI. The petitioner in the report said drugs were the whole basis of his problems and that drugs destroyed what good he was doing in society. The state forcefully pointed out the effect the robbery had on each of the teller victims and that the petitioner destroyed the fabric of safety they felt as human beings. He urged the division to affirm the sentence of the court as being appropriate for the crimes involved.
In reviewing the sentencing remarks of the court, we find credit was given to the petitioner for his abilities and his talents. The court noted that the petitioner was one of the more convincing liars that it ever heard and was puzzled why the petitioner turned himself in a bank robber. The court noted that the tellers in the bank robbery were terrified by his acts and noted that the petitioner never took any responsibility for them.
In reviewing the sentencing of the trial court we are bound by P.B. 942. Here the trial court sentenced the petitioner to the maximum sentence allowed for each individual robbery. In each of the robberies the petitioner's acts of lawlessness struck at the heart and minds of society. The repeated acts of inducing fear and possible death to those CT Page 5323 working as mere gatekeepers of our monetary system warranted imposing the maximum penalty by the trial court. Under the circumstances of these offenses we find that the sentence imposed for each crime to be appropriate. The sentence of the trial court is affirmed.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., Klaczak, J. participated in the hearing.